BOWERSOX *v.* BOWERSOX.

1. HUSBAND AND WIFE — ALIENATION OF AFFECTIONS — SUFFICIENCY OF DECLARATION.

A declaration in an action for alienating the affections of plaintiff's husband, which alleges that, by reason of defendant's acts, plaintiff has been deprived of the "society, comfort, assistance, and support" of her husband, which she should have had, and otherwise "might and would have had," and of the happiness, reputation, and honor which she had theretofore enjoyed as his wife, and of his affections towards her, is sufficient, at least unless demurred to, without an express allegation that plaintiff possessed the affections of her husband.

2. SAME—DAMAGES—COST OF SEPARATE MAINTENANCE—EVIDENCE.

It was proper to permit the plaintiff in an action for alienating the affections of her husband to testify to the cost of her separate maintenance, where there was other evidence disclosing the husband's condition in life, and also tending to show his ability to support the plaintiff.

3. SAME—WIFE'S EARNINGS—SET-OFF.

The fact that a wife's earnings ordinarily belong to her husband does not entitle the defendant in an action for alienating the husband's affections, and bringing about a separation, to have such earnings deducted by the jury from the damages awarded by them for loss of support.

4. NEW TRIAL—DENIAL OF MOTION—FAILURE TO STATE REASONS —ERROR WITHOUT PREJUDICE.

A judgment will not be reversed because of the failure of the court to give a reason for denying a new trial upon request, as required by the statute, where the record shows a proper exercise of his discretion in denying the motion.

Error to St. Joseph; Yaple, J. Submitted October 8, 1897. Decided November 17, 1897.

Case by Rebecca Bowersox against Noah L. Bowersox for alienating the affections of plaintiff's husband. From a judgment for plaintiff, defendant brings error. Affirmed.

*H. P. Stewart* and *Howell & Carr*, for appellant.

*S. M. Constantine* and *W. G. Howard*, for appellee.

HOOKER, J.   The plaintiff, a married woman, obtained a judgment against her husband's father for alienating the affections of her husband, and causing a separation, and the defendant has brought the case to this court for review.

An objection was interposed to the introduction of any evidence, upon the ground that the declaration omitted to state that the plaintiff possessed the affections of her husband.   Error is assigned upon the overruling of this objection.   The declaration contains no express and positive averment of that fact, but the following appears:

"And the said defendant, well knowing the residence and abode of the said Dick K. Bowersox, refused to acquaint the said plaintiff therewith, and has caused the said Dick K. Bowersox not only to wholly desert, but also to refuse to provide for and to support, her, or to contribute anything towards her support, although he is of abundant ability so to do, or to live and cohabit with her as his wife, and thereby, and by reason of the premises, the plaintiff has from thence hitherto lost and been deprived of the society, comfort, assistance, and support of the said Dick K. Bowersox, her said husband, which the said plaintiff during all that time ought to have had, and otherwise might and would have had, and has deprived the said plaintiff of the support and maintenance which she would otherwise have had and enjoyed with her said husband and from him, and has utterly deprived her of the happiness, reputation, and honor which she has heretofore enjoyed as the wife of the said Dick K. Bowersox, and of his affections towards her."

This language clearly implies that she did enjoy the society, comfort, assistance, and support of her husband, and conforms to approved declarations.   See 1 Enc. Forms, p. 684.   The marriage relation was alleged, as required by the authority cited in support of defendant's contention, viz., 1 Chit. Pl. 379; and we are not cited to any authority holding a declaration defective where it

omits an averment that the parties lived happily together. At all events, a declaration containing the averments of this one should be held good unless demurred to.

The plaintiff was allowed to testify to the cost of living, and it was objected that this evidence was not admissible until it should be shown that the husband was able to support her; or, as stated by the counsel, "before she could introduce evidence of the value of support, she should show the financial and social condition of her husband, and his ability to furnish her support." It is urged that "the financial condition in life and the social position of the husband are the criterions by which to determine what are necessaries to which the wife is entitled," and that in this case these questions were ignored. The evidence discloses the condition in life of the husband and his father's family, and there was some evidence bearing upon his ability to support the plaintiff. The defendant was at liberty to show that the plaintiff was not injured through the separation, if he could do so. Up to that time the husband seems to have supported the wife, and there may be other facts shown justifying the inference that he would have continued to do so. The evidence was admissible, and as the defendant appears to have raised no issue upon this subject, and offered no request to charge upon it, we think that he cannot complain.

It is contended that the defendant had a right to show plaintiff's ability to earn money, and that the amount should be deducted from the value of her support. It is undoubtedly true that the services of a wife belong to her husband in and about family cares, but we are not aware of any case that permits a defendant in an action like this to have her earnings set off against her maintenance. Counsel cite no such authority, and we find none.

A number of exceptions to the rulings and charge were taken, but we think it unnecessary to discuss them.

The court denied a motion for a new trial, without giving a reason therefor, as required by law, although specially requested so to do; but the judgment should not

be reversed for that reason, as the record shows a proper exercise of his discretion in denying the motion.

The judgment is affirmed.

The other Justices concurred.